IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:18-cv-00468-ALM-KPJ |
| v. | § § | |
| HEWLETT PACKARD ENTERPRISE CO., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.'S OPPOSITION TO DEFENDANT HEWLETT PACKARD ENTERPRISE CO.'S <u>MOTION TO STAY</u>**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1
II. BACKGROUND ................................................................................................................. 1
III. ARGUMENT ...................................................................................................................... 4
   A. HPE's Motion is Premature ........................................................................................ 4
   B. Case Law Favors Denying HPE's Motion to Stay ...................................................... 4
IV. HPE REMAINS LIABLE FOR INFRINGEMENT ........................................................... 5
V. CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Cambrian Science Corp. v. Cox Commc'ns., Inc. et al.*,
   8:11-cv-01011-JST-AN, Docket No. 85 (C.D. Cal. March 6, 2012) ...................................... 5, 6

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) ................................................................................................ 4

## I. INTRODUCTION

Defendant Hewlett Packard Enterprise Company ("HPE") filed a Motion to Stay ("Motion" or "Mot.")[1] this case pending resolution of Wapp Tech Limited Partnership's and Wapp Tech Corp.'s (collectively, "Wapp") claims against Micro Focus or resolution of a declaratory judgment action filed in Delaware by Seattle SpinCo and EntIT Software LLC, the entities HPE alleges to be the "true manufacturers." Mot. at 2–3. The Motion should be denied for numerous reasons. As Wapp shows below, HPE's Motion is premature and Wapp will suffer harm if it is not allowed to proceed against HPE. At the very least, Wapp should be allowed to serve its infringement contentions per the Local Rules, and should be allowed discovery to determine the extent of HPE's liability for providing products used in Accused Systems.

## II. BACKGROUND

Wapp filed a complaint against HPE on July 2, 2018, alleging infringement of U.S. Patent Nos. 9,971,678 ("the '678 Patent"), 9,298,864 ("the '864 Patent"), and 8,924,192 ("the '192 Patent") (collectively, the "Patents"). In its Complaint, Wapp noted the extensive work done by the principal inventor of the Patents in developing various "Performance Engineering Innovations," which led to several awards for the patented work. Complaint ¶ 13, *Wapp Tech L.P. et al. v. Hewlett Packard Enterprise Co.*, 4:18-cv-00468-ALM, Docket No. 1 (E.D. Tex. July 2, 2018). In addition to the research and development work behind the Performance Engineering Innovations, the principal inventor also licensed the Performance Engineering Innovations and the Patents to a Fortune 500 leader in enterprise software. Complaint ¶ 14.

Wapp's goal has been to democratize app development for a new generation of developers by migrating performance risks and reducing application development cycles from

---

[1] Mot. to Stay, *Wapp Tech L.P. et al. v. Hewlett Packard Enterprise Co.*, 4:18-cv-00468-ALM, Docket No. 13 (E.D. Tex. Oct. 17, 2018).

1

months down to minutes by virtue of new performance engineering modeling. In an effort to protect the further marketing and development of the Performance Engineering Innovations, Wapp filed complaints against Micro Focus, Hewlett Packard Enterprise Co. ("HPE"), Bank of America, and Wells Fargo, alleging infringement of the Patents by various systems that test mobile device applications.[2] The Accused System includes systems that incorporate various products that once belonged to HPE but now belong to Micro Focus. Complaint ¶¶ 16–26. In addition to the HPE/Micro Focus products, other parties (e.g., Bank of America and Wells Fargo) adapt and specialize those products into their own unique testing environments,[3] and develop, test, and distribute mobile applications. Wapp therefore alleged direct infringement against Bank of America and Wells Fargo (users of the HPE/Micro Focus products). *Wapp Tech L.P. et al. v. Bank of America Corp.*, 4:18-cv-00519-ALM, Docket No. 1 at ¶¶ 58, 76 (E.D. Tex. July 20, 2018); *Wapp Tech L.P. et al. v. Wells Fargo & Co.*, 4:18-cv-00501-ALM, Docket No. 1 at ¶¶ 58, 76 (E.D. Tex. July 20, 2018).

Soon after filing suit, Wapp conferred with Micro Focus based on a representation from Mr. Reiter that he represented HPE and Micro Focus. Shortly after those discussions ended, two new entities began an unnecessary litigation assault on the Patents. *Seattle SpinCo, Inc. et al. v. Wapp Tech L.P. et al.*, 1:18-cv-01585 (D. Del. Oct. 26, 2018). More specifically, Seattle SpinCo,

---

[2] *Wapp Tech L.P. et al. v. Bank of America Corp.*, 4:18-cv-00519-ALM, Docket No. 1 (E.D. Tex. July 20, 2018); *Wapp Tech L.P. et al. v. Wells Fargo & Co.*, 4:18-cv-00501-ALM, Docket No. 1 (E.D. Tex. July 20, 2018); *Wapp Tech L.P. et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469-ALM, Docket No. 1 (E.D. Tex. July 20, 2018); *Wapp Tech L.P. et al. v. Hewlett-Packard Enterprise Co.*, 4:18-cv-00468-ALM, Docket No. 1 (E.D. Tex. July 20, 2018).
[3] For example, on information and belief each customer using the HPE/Micro Focus products creates a unique series of scripts that are required for the HPE/Micro Focus products to be used in a given testing environment. *See, e.g.*, Ex. B, *LoadRunner/Performance Center Test Engineers*, TheLadders.com, https://www.theladders.com/job/loadrunner-performance-center-test-engineers-wells-fargo-des-moines-ia_34456131 (last visited Oct. 31, 2018).

Inc. and EntIT Software LLC brought a declaratory judgment action against Wapp in the District of Delaware on October 15, 2018. *Id.* These entities allege that they should be the properly-named parties in any suit regarding the HPE/Micro Focus products. Rather than moving to intervene in the present case (if they are the properly-named parties) and then requesting to transfer the present case to Delaware (if they believe that is the correct and most convenient venue), Micro Focus brought a Motion to Dismiss, and HPE, Bank of America, and Wells Fargo each moved to stay their individual actions pending the outcome of the Seattle SpinCo/EntIT Software declaratory judgment action in Delaware. *Wapp Tech L.P. et al. v. Bank of America Corp.*, 4:18-cv-00519-ALM, Docket No. 12 (E.D. Tex. Oct. 17, 2018); *Wapp Tech L.P. et al. v. Wells Fargo & Co.*, 4:18-cv-00501-ALM, Docket No. 11 (E.D. Tex. Oct. 16, 2018); *Wapp Tech L.P. et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469-ALM, Docket No. 12 (E.D. Tex. Oct. 17, 2018); *Wapp Tech L.P. et al. v. Hewlett-Packard Enterprise Co.*, 4:18-cv-00468-ALM, Docket No. 13 (E.D. Tex. Oct. 17, 2018).

Citing "judicial efficiency," these four entities burdened the Court with four separate motions rather than bringing a single motion to intervene and transfer. The Delaware plaintiffs did not bring such a motion (i.e., to substitute parties in this District and to request transfer to Delaware) because there is no reason to transfer this case to Delaware. Relevant documents and witnesses are located within the Eastern District of Texas, as Wapp alleged in its Complaint. Complaint ¶¶ 4–11. For example, Micro Focus took over from HPE the business responsible for the "Software Suite" (as that term is defined in the Complaint ¶ 23). Complaint ¶¶ 16–18. This

business within Micro Focus continues to operate a team in the District, as well as a place of business.[4]

HPE's Motion to Stay is particularly burdensome, as HPE could have simply asked the Court to consolidate the HPE and Micro Focus actions for pretrial purposes. Additionally, HPE Motion to Stay fails on the merits. As detailed below, Wapp will suffer prejudice from not being allowed to proceed against all manufacturers of infringing products.

### III. ARGUMENT

#### A. HPE's Motion is Premature

HPE presents its Motion to Stay despite not knowing the full extent of Wapp's infringement allegations since Wapp has not yet served its infringement contentions under the Local Patent Rules. Wapp's infringement contentions will further elucidate Wapp's preliminary infringement theories regarding HPE's infringing acts. Wapp should be allowed discovery. Finally, no case management conference has yet been held in this case or the related cases with Wells Fargo, Bank of America, or Micro Focus. HPE's Motion to Stay should be denied at least until these three major issues (initial infringement contentions, fact discovery, and case management) are completed.

#### B. Case Law Favors Denying HPE's Motion to Stay

HPE relies primarily on *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014), to support granting this Motion. Nintendo is readily distinguishable from the instant facts. In *Nintendo*, the customers for whom the case was stayed were merely ***resellers*** and/or ***distributors*** of Nintendo's products. In this case, ***HPE is a manufacturer and not a reseller or distributor*** of

---

[4] *See* Wapp's Opposition to Micro Focus's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to Serve, and Improper Service of the Complaint, *Wapp Tech Limited Partnership et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469-ALM (E.D. Tex. July 20, 2018).

4

any part of the Accused System. Further, part of the Court's analysis in *Nintendo* was directed toward the fact that all of the relevant documents and witnesses relevant to the infringement action were located in the Western District of Washington rather than the Eastern District of Texas. *Nintendo*, 756 F.3d at 1365–66. In this case, the documents and witnesses related to the HPE/Micro Focus products reside in the Eastern District of Texas.[5] Wapp also notes that, unlike the plaintiff in *Nintendo*, Wapp has not yet filed its infringement contentions.

Additionally, although HPE purports to be willing to be bound by any adverse judgment against Micro Focus, HPE has not agreed to be bound by any injunctive relief granted by the Court. *See Cambrian Science Corp. v. Cox Commc'ns., Inc. et al.*, 8:11-cv-01011-JST-AN, Docket No. 85, 2012 U.S. Dist. LEXIS 196144 at *4–5 (C.D. Cal. March 6, 2012) (noting that customer defendants, although agreeing to be bound by the district court's rulings on issues of infringement, validity and enforceability, did not agree to be bound to any injunction or damage ruling). Additionally, Wapp retains the right to amend its Complaint to seek such injunctive relief.

## IV. HPE REMAINS LIABLE FOR INFRINGEMENT

HPE's assertion that it transferred all of its liability to Micro Focus related to their $8.8B merger in 2017 misses the fact that HPE has liability for breach of warranty due to failure to disclose Wapp's patent portfolio to Micro Focus under the Agreement and Plan of Merger executed September 7, 2016 (hereinafter "the Merger Agreement."). (HPE's Ex. 1E to Motion.) Specifically, under Section 5.20 of the Merger Agreement, HPE breached its representation that "the conduct of, and use of the Transferred [HPE] IP. . . has not, since January 1, 2014, conflicted with . . . the Intellectual Property rights of any third party, except to the extent that

---

[5] *See* Wapp's Opposition to Micro Focus's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to Serve, and Improper Service of the Complaint, *Wapp Tech Limited Partnership et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469-ALM (E.D. Tex. Oct. 17, 2018).

5

such conflict . . . has not had, and would not reasonably be expected to have, individually or in the aggregate, a [Micro Focus] Material Adverse Effect." (*Id.* at 45.) "Transferred IP" in the Merger Agreement encompasses patent applications that were transferred as part of the merger, including, and most relevant here, Patent Application No. PCT/US2012/024087 filed February 7, 2012 entitled "Testing a Mobile Application," and the corresponding U.S. Patent Application No. 14/374,785 (collectively, the "HPE Applications").

The HPE Applications were an attempt by HPE to protect its network virtualization technology for mobile products despite HPE being a late entrant into the marketplace. The HPE Applications were collectively rejected by the World Intellectual Property Organization (WIPO) and the United States Patent Office (USPTO) five times before the Merger Agreement was executed and a total of six times before the merger itself was completed. In each instance a parent patent in Wapp's patent portfolio was cited as the sole anticipating prior art reference. Critically, four of these patent office rejections occurred *after* January 1, 2014 and *before* the Merger Agreement was executed, making them especially relevant to HPE's obligation to disclose conflicting IP under Section 5.20 of the Merger Agreement.

The multiple rejections of the HPE Applications citing a Wapp patent that shared the same specification as two of the three Patents qualifies as a "conflict" under Section 5.20. Other qualifying terms such as "infringed upon," "diluted" or "otherwise violated," referenced in Section 5.20 also apply to Wapp's patent portfolio vis-à-vis the HPE Applications and the associated HPE products and technology sold to Micro Focus. Consequently, unless HPE listed Wapp's patents in the required disclosure schedule referenced in Section 5.20(a)—which it did not—HPE breached its representation to Micro Focus by failing to disclose Plaintiff's Patents (i.e., conflicting IP).

As to the issue of whether HPE should have reasonably expected this known conflict to materially and adversely impact Micro Focus's business, Wapps's current lawsuit against Micro Focus, with detailed claim charts specifying the extensive infringement by Micro Focus, speaks for itself. Wapp estimates Micro Focus's exposure at over $400M. *Wapp Tech L.P. et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469, Docket No. 1 at ¶ 50 (E.D. Tex. July 2, 2018). By almost any measure, that level of exposure ($400M) is material. It is also indisputable that at the time it executed the Merger Agreement, HPE knew about the five patent application rejections, the citation of a patent in Wapp's patent portfolio as the sole anticipatory reference and basis for each rejection, and that its HPE Applications were filed almost five years later than Plaintiff's earliest priority filing date.[6] HPE, therefore, knew there was a conflict and, in light of the facts, should reasonably have anticipated that Wapp's patent portfolio could materially impact Micro Focus's business.

Also, regarding materiality, it would be disingenuous for HPE to argue that the HPE Applications, and by implication the five rejections, were not sufficiently important to warrant disclosure under Section 5.20. First, the HPE Applications were filed in 2012, just a few months prior to HPE's much publicized strategic shift in its business in an effort to catch up in the network virtualization for mobile space. The focus and content of the HPE Applications indicated an attempt by HPE to protect this new business. Also, the HPE products ostensibly covered by the HPE Applications represented a significant portion of the value of the $8B merger transaction, with network virtualization and mobile being cited in public filings as a key

---

[6] HPE may argue that in 2018, after years of continued prosecution and appeals, it received a notice of allowance relating to U.S. Patent Application No. 14/374,785. That fact is irrelevant as to the issue of whether it knew Wapp's patent portfolio was in material conflict with U.S. Patent Application No. 14/374,785 and whether HPE products infringe Plaintiff's Patents.

7

driver of the merger transaction.[7] These facts, individually or collectively, represent a significant hurdle to any argument by HPE that its knowledge of the five rejections based on Wapp's patent portfolio was not material.

Additionally, HPE may have intentionally failed to disclose Wapp's patent portfolio as required under Section 5.20 of the Merger Agreement. Prosecution history records show that on June 3, 2016, HPE received a Non-Final USPTO Rejection for U.S. Patent Application No. 14/374,785, the fifth such rejection based on Wapp's patent portfolio. On September 6, 2016—one day before executing the Merger Agreement and making the representation in Section 5.20—HPE filed its Response to the USPTO Rejection. While this timing could be a coincidence (September 6, 2016 was also the three-month response deadline at the USPTO), Wapp should be allowed discovery as to the relationship between HPE's patent prosecution activity and the Merger Agreement.

Based on HPE's failure to disclose the Patents, HPE has liability for breach of a representation in the Merger Agreement. Further, if HPE's failure to disclose the Patents is deemed to be willful, then under the Merger Agreement, there is potentially no cap on HPE's liability to Micro Focus regarding Plaintiff's infringement lawsuit against Micro Focus.

It follows from the foregoing that HPE cannot be dismissed from this case without materially impacting and prejudicing Plaintiff. HPE is a much larger company by revenue than Micro Focus. HPE also received billions in value from the sale of the business that sells

---

[7] *See* Ex. A, Kevin Loosemore & Mike Phillips, *Proposed Merger of Micro Focus Int'l plc with Hewlett Packard Enterprise's ("HPE") Software Business Segment*, Micro Focus (Sept. 7, 2016), available at https://www.sec.gov/Archives/edgar/data/1359711/000156761916002855/s001411x18_425.htm (stating that "Micro Focus helps to bridge the old and the new by enabling you to . . . Exploit advances in technology such as virtualisation, cloud and mobile" to create "Shareholder Returns," core innovations of the Plaintiff's Patent Portfolio).

8

infringing products to Micro Focus. Also, as between HPE and Micro Focus, HPE was best positioned to prevent the current litigation by making a full disclosure to Micro Focus about Plaintiff's Patent Portfolio and the materiality of the U.S. Patent Application No. 14/374,785 rejections as they were contractually required to do. Consistent with HPE's apparent willful failure to disclose the Patents to Micro Focus under the Merger Agreement, it is worth noting that Plaintiff is also suing HPE for willful infringement of its Patents premised to a great extent on the same facts noted here (i.e. HPE's knowledge of Plaintiff's Patent Portfolio). Accordingly, to allow a stay/dismissal with respect to HPE would allow the most culpable defendant to escape scrutiny and would leave a seemingly duped buyer, Micro Focus, as well as HPE's former bank customers, to face the entire weight of the infringement liability alone. This would be a miscarriage of justice that would prejudice Plaintiff.

Finally, it is notable that Micro Focus has hired HPE's lead outside patent litigation counsel from Gibson Dunn to represent Micro Focus in this matter. This suggests that Micro Focus may be accepting direction or input from HPE regarding this matter and that HPE has some modicum of control over the litigation. If, as HPE asserts, it has no liability, then it is fair to ask why HPE is involved at all with Micro Focus' decision-making process. Plaintiff has asked Micro Focus (by asking HPE's lead outside patent litigation counsel) to consider hiring different counsel for Micro Focus, but HPE's lead outside patent litigation counsel has rejected this request. It may be that Micro Focus, as a foreign entity, does not have much experience with US patent litigation or patent litigation generally and is looking to HPE for support, which, if true, would raise the additional questions as to whether Micro Focus fully understands its exposure, its lack of alignment with and potential for conflict with HPE, its customer's exposure, the risk of injunction, the importance of its rights under Section 5.20 of the Merger Agreement

that could be asserted against HPE and why Micro Focus would accept HPE seeking to establish on the record that it has no liability to Micro Focus.

Why would Micro Focus's attorney make such a statement (that HPE has no liability to Micro Focus) that is clearly against Micro Focus's interests? No matter the reasons, only by denying HPE's motion to dismiss can these questions be answered and the extent of HPE's liability be fully recognized. These are additional reasons to keep HPE in this case.

## V. CONCLUSION

HPE's Motion to Stay should be denied at least because HPE is also a "manufacturer" of the Accused Systems. Also, HPE remains liable per the Merger Agreement. At the very least, Wapp should be allowed to serve its infringement contentions per the Local Patent Rules, and should be allowed discovery to determine the extent of HPE's activities.

Respectfully submitted,

Dated: October 31, 2018          By: */Benjamin R. Johnson/*
                                       Benjamin R. Johnson
                                       Texas State Bar No. 24065495
                                       Jeffrey G. Toler
                                       Texas State Bar No. 24011201
                                       Aakash S. Parekh
                                       Texas State Bar No. 24059133
                                       TOLER LAW GROUP, PC
                                       8500 Bluffstone Cove
                                       Suite A201
                                       Austin, TX 78759
                                       (512) 327-5515
                                       E-mail: bjohnson@tlgiplaw.com
                                       E-mail: jtoler@tlgiplaw.com
                                       E-mail: aparekh@tlgiplaw.com

                                       *ATTORNEYS FOR PLAINTIFFS*
                                       *WAPP TECH LIMITED PARTNERSHIP AND*
                                       *WAPP TECH CORP.*

11

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 31, 2018 the foregoing was filed via the Court's CM/ECF filing system, to be served electronically on all counsel of record in this matter.

*/Angie Blazek/*
Angie Blazek