**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

WAPP TECH LIMITED PARTNERSHIP
and WAPP TECH CORP.,

              Plaintiffs,

      v.

HEWLETT PACKARD
ENTERPRISE COMPANY,

              Defendant.

Case No. 4:18-cv-00468-ALM

**JURY TRIAL DEMANDED**

<u>**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S**</u>
<u>**REPLY IN SUPPORT OF ITS MOTION TO STAY**</u>

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ..................................................................................................1

II.    THIS CASE SHOULD BE STAYED ....................................................................1

    A.    All Three Stay Factors Favor a Stay. .........................................................1

    B.    HPE's Alleged Liability for Breach of Warranty Is Irrelevant. ................2

        1.    Wapp has not pled a breach of warranty claim..................................3

        2.    Wapp does not have standing to assert a breach of warranty claim. .................3

    C.    Wapp's Other Arguments Should Also be Rejected. ..................................4

III.    CONCLUSION......................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. U.S. Dep't of Hous. & Urban Dev.,*
   554 F.3d 525 (5th Cir. 2008) ...................................................................................3

*CyWee Grp. Ltd. v. Huawei Device Co.,*
   No. 2:17-CV-495-WCB, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018)............................4, 5

*German Alliance Ins. Co. v. Home Water Supply Co.,*
   226 U.S. 220 (1912)...................................................................................3

*In re Google Inc.,*
   588 F. App'x 988 (Fed. Cir. 2014) ...........................................................4, 5

*Melton v. Account Resolution Team, Inc.,*
   No. 3:15-CV-00469, 2016 WL 6875883 (E.D. Tenn. Nov. 21, 2016) ......................3

*Metro. Life Ins. Co. v. Taylor,*
   481 U.S. 58 (1987)......................................................................................3

*Robins Dry Dock & Repair Co. v. Flint,*
   275 U.S. 303 (1927).....................................................................................3

*Saint Lawrence Commc'ns LLC v. Apple Inc.,*
   No. 2:16-CV-82-JRG, 2017 WL 3712912 (E.D. Tex. July 12, 2017)......................5

## I.      INTRODUCTION

In opposing Hewlett Packard Enterprise Company's ("HPE") motion to stay, Plaintiffs Wapp Tech Limited Partnership and Wapp Tech. Corp. (collectively, "Wapp") do not dispute that HPE completely divested itself of the business responsible for the accused products, divested itself of any liability associated with the accused products ("the Seattle Transaction"), and to the extent HPE uses the Accused Software, it does so without modification and "off the shelf."  Neither does Wapp dispute that: (1) it will suffer no undue prejudice; (2) the stay will substantially simplify the issues; and (3) the case is in its infancy.  These undisputed facts strongly favor a stay.

Understanding that a stay is appropriate, Wapp tries to muddy the waters by theorizing that HPE is liable to Micro Focus International plc for allegedly breaching a warranty associated with the Seattle Transaction.  But that breach of warranty claim is not in this case, nor can it be, since Wapp, who was not a party to the Seattle Transaction, has no standing to bring such a claim. Respectfully, therefore, the Court should grant the requested stay.

## II.     THIS CASE SHOULD BE STAYED

### A.      All Three Stay Factors Favor a Stay.

With respect to Wapp's patent infringement claims—*the only claims in this case*—HPE's motion to stay is undisputed.  As noted, Wapp does not, for example, dispute any of the facts surrounding the Seattle Transaction, all of which support a stay:

- Wapp does not dispute that, as a result of the Seattle Transaction, HPE no longer has any role in making, importing, selling, or offering to sell the Accused Software.  *See* Dkt. 13 at 3–4.

- Wapp does not dispute that HPE no longer has any liability arising from past, present, and future patent infringement with respect to the making, selling, offering to sell, and/or importing of the Accused Software.  *See id.* at 4.

- Wapp does not dispute that to the extent HPE has used the Accused Software, such use has been "off-the-shelf."  *See id.*

Nor does Wapp dispute that the claims Wapp pled in this case substantially overlap with the claims

that Wapp pled in its complaint against Micro Focus International plc, the alleged manufacturer of the Accused Software. *See id.* at 12–13. Indeed, unlike Wapp's oppositions to the stay motions of Bank of America and Wells Fargo, Wapp does not even try to argue that HPE is a "true defendant." *See Wapp Tech Ltd. P'ship v. Wells Fargo & Co.*, No. 4:18-cv-00501-ALM-KPJ, Dkt. 13 at 4–8 (E.D. Tex. Nov. 1, 2018); *Wapp Tech Ltd. P'ship v. Bank of Am. Corp.*, No. 4:18-cv-00519-ALM, Dkt. 14 at 5–9 (E.D. Tex. Nov. 1, 2018). By its silence, Wapp also concedes that it does not compete with HPE (Dkt. 13 at 10), meaning Wapp would suffer no prejudice by the stay because there can be no injunction and Wapp can recover patent damages from the alleged manufacturer (*id.* at 10–11). Not having disputed any of the above facts, Wapp cannot reasonably oppose the entry of a stay.

### B.      HPE's Alleged Liability for Breach of Warranty Is Irrelevant.

Having no reasonable basis to oppose a stay of the claims that it did plead, Wapp attempts to resist the stay by arguing about a claim it did not plead (and does not have standing to plead). Wapp argues that "HPE has liability for breach of warranty due to failure to disclose Wapp's patent portfolio to Micro Focus [International plc] under the Agreement and Plan of Merger." Dkt. 16 at 5. In making this argument, Wapp concedes, as it must, that it is not a party to the Seattle Transaction, and so any such claim does not belong to Wapp. *See, e.g.*, Dkt. 16 at 8–9 ("under the Merger Agreement, there is potentially no cap on *HPE's liability to Micro Focus* [International plc]" who is "a seemingly duped buyer") (emphasis added). Having made this concession, it comes as no surprise that Wapp fails to identify any specific prejudice Wapp would suffer when it generically writes that "HPE cannot be dismissed from this case without materially impacting and prejudicing Plaintiff." *Id.* at 8. Wapp's generic prejudice argument further ignores that a party to the Seattle Transaction (Seattle SpinCo, Inc.) has supported staying this case through the Declaration of Eileen Evans. *See* Dkt. 13-7. In any event, Wapp did not plead that claim, nor can it, and

2

as such it is irrelevant to HPE's requested stay.

### 1.   *Wapp has not pled a breach of warranty claim.*

The complaint defines the case.  *See, e.g.*, *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528–29 (5th Cir. 2008) ("[A] complaint must put the defendant on notice as to what conduct is being called for defense in a court of law."); *see also Melton v. Account Resolution Team, Inc.*, No. 3:15-CV-00469, 2016 WL 6875883, at *3 (E.D. Tenn. Nov. 21, 2016) ("The complaint—and the complaint alone—defines the scope of the action.") (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  Wapp has only pled patent infringement claims—it has not pled a breach of warranty claim.  *See, e.g.*, Dkt. 1 ¶ 1.  Thus, Wapp's theoretical breach of warranty claim is not part of this case, and that claim has no bearing on whether this case should be stayed.

### 2.   *Wapp does not have standing to assert a breach of warranty claim.*

As a non-party to the Agreement and Plan of Merger, Wapp can only have standing to bring a breach of warranty claim if the parties to that agreement—HPE, Seattle SpinCo, Inc., Micro Focus International plc, Seattle Holdings, Inc., and Seattle MergerSub, Inc.—intended for Wapp to benefit from the alleged warranty.  *See, e.g.*, *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 307 (1927) ("Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement, to which he is not a party, he must at least show that it was intended for his direct benefit.") (quoting *German Alliance Ins. Co. v. Home Water Supply Co.*, 226 U.S. 220, 230 (1912)).  But Wapp has not alleged, much less cited any evidence, that the actual parties to the Seattle Transaction intended to benefit Wapp through the alleged warranty.  Wapp therefore cannot recover on a breach of warranty claim against HPE, and any attempt by Wapp to amend its Complaint to add such a theoretical claim would be futile.

Respectfully, the Court should disregard Wapp's theoretical breach of warranty argument for the red herring that it is.

## C.    Wapp's Other Arguments Should Also be Rejected.

*First*, Wapp conclusorily argues that HPE's Motion is "premature" because "Wapp's in-fringement contentions will further elucidate Wapp's preliminary infringement theories regarding HPE's infringing acts." Dkt. 16 at 4.  But Wapp does not dispute that HPE no longer has any role in the manufacture or sale of the Accused Software, that HPE has divested itself of any patent infringement liability with respect to the Accused Software, and, as between HPE and the alleged manufacturer, the issues of infringement and validity are the same.  Here, therefore, infringement contentions are irrelevant—at most they would elucidate the manufacturer's alleged infringement.

*Second*, Wapp argues *without citation* that HPE "is a manufacturer and not a reseller or distributor" of the Accused Software.  Dkt. 16 at 4–5 (emphasis removed).  In so arguing, however, Wapp ignores that in its Complaint it acknowledged that HPE spun-out the business unit respon-sible for the Accused Software.  Dkt. 1 ¶ 17.  This argument also ignores that both the Federal Circuit and courts in this District have stayed cases even if they do not involve a mere reseller/dis-tributor, as long as the accused functionality in the customer's product is substantially similar to the functionality made by the manufacturer, thereby ensuring overlap between the manufacturer and customer suits.  *See* Dkt. 13 at 9 (citing *In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014) (non-precedential); *and CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *3–5 (E.D. Tex. Aug. 22, 2018) (Bryson, C.J.)).  There can be no dispute that such overlap exists here.

*Third*, Wapp asserts that HPE's not being bound by "any injunctive relief granted by the Court," weighs against a stay.  Dkt. 16 at 5.  But as Wapp acknowledges, Wapp has not requested an injunction, *id.*, nor can it—HPE does not compete with Wapp.  Requiring a party to consent to relief that the plaintiff has not even asked for cannot be a prerequisite to a stay.  Furthermore, the Federal Circuit and courts in this District have held that that agreements to be bound with respect

4

to infringement and invalidity—"two of the biggest issues in any case"—support the efficiencies realized through a stay. *Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-CV-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. July 12, 2017); *see also In re Google Inc.*, 588 F. App'x at 991; *CyWee*, 2018 WL 4002776, at *4.

*Fourth,* Wapp alleges that "HPE is a much larger company by revenue than Micro Focus [International plc]." Dkt. 16 at 8. But allegedly larger revenues do not justify maintaining a lawsuit that should be stayed. Indeed, a court in this District has expressly rejected the argument that a patentee's intention to pursue "greater damages" in a particular case justifies denying a stay. *Saint Lawrence,* 2017 WL 3712912, at *2. Importantly, HPE is not seeking a dismissal—just a stay to create efficiencies for the Court and the parties.

*Lastly,* Wapp's rank speculation regarding HPE's control over Micro Focus International plc is irrelevant, improper, and should be rejected. *See* Dkt. 16 at 9–10. Wapp muses that because Micro Focus International plc has hired Gibson Dunn in this matter, it "may be accepting direction or input from HPE," that HPE may have "some modicum of control over the litigation," or it "may be that Micro Focus [International plc], as a foreign entity, does not have much experience with US patent litigation or patent litigation generally," which "raise[s] the additional questions as to whether Micro Focus fully understands its exposure." *Id.* at 9. Putting aside the brazenness and irrelevance of these speculations, Wapp cites no evidence to support its speculations, nor does it explain how these speculations affect the three stay factors.

## III.    CONCLUSION

HPE respectfully requests that the Court grant this motion and stay this action pending final resolution of the manufacturer suit involving Seattle SpinCo, Inc. and EntIT Software LLC or Micro Focus International plc, whichever is the suit to go forward.

Dated:  November 8, 2018                    By:   */s/ Mark N. Reiter*
                                           Mark N. Reiter
    Lead Counsel
    Texas State Bar No. 16759900
    mreiter@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
    2100 McKinney Avenue, Suite 1100
    Dallas, Texas  75201-6912
    Telephone:  214.698.3360
    Facsimile:  214.571.2907

    Neema Jalali
    California State Bar No. 245424
    njalali@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street
    San Francisco, CA 94105-0921
    Tel: 415.393-8224
    Fax: 415. 374-8436

    *Attorneys for Hewlett Packard Enterprise*
    *Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2018, the foregoing was electronically filed with the

Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to

CM/ECF participants in this case.

*/s/ Mark N. Reiter*
Mark N. Reiter