# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP. | § § § | |
| v. | § § § | Civil Action No. 4:18-CV-00468 Judge Mazzant |
| HEWLETT-PACKARD ENTERPRISE COMPANY | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Hewlett-Packard Enterprise Company's Motion to Stay (Dkt. #13). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Between July 2, 2018, and July 20, 2018, Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. filed this case and three other related cases in this Court. *See Wapp Tech Ltd. P'ship v. Micro Focus Int'l PLC,* 4:18-CV-469-ALM; *Wapp Tech Ltd. P'ship v. Wells Fargo & Co.*, 4:18-CV-501-ALM; *Wapp Tech Ltd. P'ship v. Bank of Am. Corp.*, 4:18-CV-519-ALM. In these cases, Plaintiffs allege that certain software products once owned by Defendant and now owned by Micro Focus International plc ("Micro Focus") and its subsidiaries infringe on United States Patent Numbers 9,971,678, 9,298,864, and 8,924,192 (collectively, "patents-in-suit").

### I. The Micro Focus Subsidiary Suit

In Plaintiffs' case against Micro Focus, Micro Focus filed a motion to dismiss for lack of personal jurisdiction. *Micro Focus Int'l PLC,* 4:18-CV-469-ALM, Dkt. #12. After conducting jurisdictional discovery, Plaintiffs responded contending that the contacts of Micro Focus's subsidiaries operating in Texas could be imputed to Micro Focus because the subsidiaries were

Micro Focus's alter egos. *Id.* at Dkt. #30. Considering the motion and relevant pleadings, the Court found that Plaintiffs could not establish a *prima facie* case that Micro Focus's subsidiaries were Micro Focus's alter egos. *Id.* Therefore, the Court dismissed Micro Focus from the suit, but allowed Plaintiffs to add five of Micro Focus's alleged subsidiaries to the suit: Seattle SpinCo Inc. ("SSI"), EntIT Software LLC ("EntIT"), EntCo Interactive (Israel) Ltd., Entco Government Software LLC, and Micro Focus (US) Inc. (collectively, the "Subsidiary Suit" or "Subsidiary Defendants"). *Id.*

## II. The Delaware Litigation

Instead of seeking to intervene in one of the cases filed in this Court, on October 15, 2018, SSI and EntIT filed a declaratory judgment action against Plaintiffs in the United States District Court for the District of Delaware ("Delaware Litigation"). *Seattle SpinCo, Inc. v. Wapp Tech Ltd. P'ship*, 1:18-CV-01585-RGA (D. Del.). In the Delaware Litigation, SSI and EntIT assert that they manufacture and sell the Application Testing and Delivery Management ("ADM") software at issue and seek a declaratory judgment of non-infringement, invalidity, and ineligibility concerning the patents-in-suit. *Id.* at Dkt. #1 ¶¶ 21–22, 32–96. On November 27, 2018, Plaintiffs moved to dismiss, transfer, or stay the Delaware Litigation. *Id.* at Dkt. #9; Dkt. #10. In their opening brief, Plaintiffs argued the District of Delaware lacked subject matter jurisdiction over the Delaware Litigation and, alternatively, that the case should be dismissed, stayed, or transferred pending the litigation in this Court. *Id.* at Dkt. #10. On March 15, 2019, the Honorable Richard G. Andrews stayed the Delaware Litigation and dismissed, without prejudice to re-urging, Plaintiffs' dismissal and transfer arguments. *Id.* at Dkt. #39.

### III. Wells Fargo & Company and Bank of America Corporation

In Plaintiffs' cases against Wells Fargo & Company and Bank of America Corporation in this Court, the defendants moved to stay the case pursuant to the customer-suit exception—among other theories. *Wells Fargo & Co.*, 4:18-CV-501-ALM, Dkt. #11; *Bank of Am. Corp.*, 4:18-CV-519-ALM, Dkt. #12. Specifically, the defendants argue the Court should stay the case pending the outcome of either the Subsidiary Suit or the Delaware Litigation. *Id.* The motions to stay are pending.

### IV. Hewlett-Packard Enterprise Company

In this suit, Defendant filed its Motion to Stay on October 17, 2018 (Dkt. #13). Defendant alleges that prior to September 1, 2017, Defendant possessed ADM software at issue (Dkt. #13 at pp. 7–8). In September 2017, Defendant entered into a transaction termed the "Seattle Transaction" in which Defendant transferred its ADM software business to its subsidiary SSI and SSI's subsidiaries. SSI and its subsidiaries then separated from Defendant.[1] Defendant claims that in the Seattle Transaction, SSI and its subsidiaries assumed all responsibility for the ADM software and, therefore, Defendant divested itself of any liability arising from the ADM software. Plaintiffs filed a response in opposition to the motion on November 1, 2018 (Dkt. #16). Defendant filed a reply in support of the motion on November 8, 2018 (Dkt. #17).

## LEGAL STANDARD

A district court possesses the inherent power to control its docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In managing its docket, a district court must exercise judgment, weigh competing interests, and maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The Supreme Court has repeatedly observed that

---

1. Based on its review of the four related cases, the Court assumes that Micro Focus later acquired SSI.

under the doctrine of comity, when cases involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation." *In re Google Inc.*, 588 F. App'x. 988, 990 (Fed. Cir. 2014) (citations omitted).

> When faced with a motion to stay litigation of an issue in the first-filed case, this Court considers: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."

*CyWee Group Ltd. v. Huawei Device Co. Ltd.*, 2:17-CV-495-WCB, 2018 WL 4002776, at *3 (E.D. Tex. Aug. 22, 2018) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).[2] In determining whether to stay a case pending the resolution of a related case, district courts employ a "flexible approach" if doing so will result in "substantial savings of litigation resources." *In re Google Inc.*, 588 F. App'x. at 991.

## ANALYSIS

Defendant contends the Court should stay this case pending the resolution of the Subsidiary Suit and Delaware Litigation (Dkt. #13 at p. 17). Defendant argues a stay is warranted because the three cited *CyWee* factors are met (Dkt. #13 at pp. 14–17). Plaintiffs ask the Court to deny Defendant's motion claiming that a stay is not appropriate because Defendant is (1) directly liable for infringement and (2) Defendant's motion is premature (Dkt. #16 at pp. 7–13).

### I. Substantially Overlapping Issues

Before addressing the *CyWee* factors, the Court must determine whether the cases substantially overlap. As described above, the Subsidiary Suit and this case both concern

---

2. Although these factors are applied when substantially similar cases are filed in separate courts. The Court finds the factors equally applicable when two substantially similar cases are filed in the same Court and the parties have not moved to consolidate the cases.

Plaintiffs' patent infringement claims relating to the patents-in-suit. Plaintiffs describe the relationship between the cases:

> [Plaintiffs'] goal has been to democratize app development for a new generation of developers by migrating performance risks and reducing application development cycles from months down to minutes by virtue of new performance engineering modeling. In an effort to protect the further marketing and development of the Performance Engineering Innovations, [Plaintiffs] filed complaints against Micro Focus, Hewlett Packard Enterprise Co. ("HPE"), Bank of America, and Wells Fargo, alleging infringement of the [patents-in-suit] by various systems that test mobile device applications. The Accused System includes systems that incorporate various products that once belonged to [Defendant] but now belong to Micro Focus. In addition to the [Defendant]/Micro Focus products, other parties (e.g., Bank of America and Wells Fargo) adapt and specialize those products into their own unique testing environments, and develop, test, and distribute mobile applications. Wapp therefore alleged direct infringement against Bank of America and Wells Fargo (users of the HPE/Micro Focus products).

(Dkt. #16 at pp. 4–5) (citations and footnotes omitted). Considering Plaintiffs' description, the Court determines there is substantial overlap between the four cases filed in this Court and the Delaware Litigation.

## II. Undue Prejudice

Defendant maintains that Plaintiffs will not suffer prejudice from a stay because (1) Defendant does not produce the ADM software and Plaintiffs do not compete with Defendant; (2) Plaintiffs may recover the monetary relief they seek from the Subsidiary Defendants; and (3) Defendant divested itself of the ADM software and, therefore, any information about how the ADM software previously operated will be obtained in Subsidiary Suit (Dkt. #13 at pp. 14–16). In response, Plaintiffs argue they will suffer prejudice because Defendant's motion is premature and Defendant remains liable for infringement despite the other, related cases (Dkt. #16 at p. 7, 8–13).

5

Plaintiffs first suggest that Defendant's motion is premature because Plaintiffs have not served Defendant with their infringement contentions under the Local Patent Rules and the parties have not held a case management conference (Dkt. #16 at p. 7). Therefore, Plaintiffs argue discovery should continue to "further elucidate [Plaintiffs'] preliminary infringement theories regarding [Defendant's] infringing acts." (Dkt. #16 at p. 7). Either now, or once a stay is lifted, Plaintiffs will be able to elucidate their preliminary infringement theories. Consequently, Plaintiffs first argument does not demonstrate that a stay will cause Plaintiffs undue prejudice.

Although not directed toward the undue prejudice factor, Plaintiffs next contend that Defendant remains directly liable (Dkt. #16 at pp. 8–13). Specifically, Plaintiffs allege that Defendant breached a warranty by failing to disclose Plaintiffs' patent portfolio in a September 2016 Agreement and Plan of Merger between Defendant, SSI, Micro Focus, and other entities ("Merger Agreement") (*See* Dkt. #13, Exhibit 6). According to Plaintiffs, Defendant knew that its ADM software infringed on the patents-in-suit and Defendant violated the terms of the Merger Agreement by failing to disclose the infringement during the merger. Plaintiffs aver that Defendant should have reasonably expected that this breach of warranty would "materially and adversely" affect Micro Focus's business and that Defendant's breach may have been intentional (Dkt. #16 at pp. 10–11). Therefore, Plaintiffs allege that "to allow a stay/dismissal with respect to [Defendant] would allow the most culpable defendant to escape scrutiny and would leave a seemingly duped buyer, Micro Focus, as well as [Defendant's] former bank customers, to face the entire weight of the infringement liability alone." (Dkt. #16 at p. 12).[3]

---

3. Plaintiffs also speculate that there may be a conflict of interest between Micro Focus and Defendant, as the same counsel represents both parties. Plaintiffs' argument is irrelevant and Plaintiffs provide no evidence to support their contention.

There are several issues with Plaintiffs' argument. First, granting the motion to stay would not result in Defendant's dismissal. Therefore, the "most culpable defendant" cannot "escape" if the Court grants the motion.[4] Second, Plaintiffs do not allege a breach of warranty claim in the Complaint, and have not moved for leave to add such a claim since this case began over thirteen months ago (*See* Dkt. #1). Finally, even if the Court granted Plaintiffs leave to amend their complaint, Plaintiffs do not explain how they could bring a breach of warranty claim arising from the Merger Agreement that Plaintiffs were not a party to (*See* Dkt. #13, Exhibit 6). *See Great Am. Prods. v. Permabond Intern., a Div. of Nat'l Starch & Chem. Co.*, 94 S.W.3d 675, 681 (Tex. App.—Austin 2002, pet. denied) (citing *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. App.—Fort Worth 1987, writ ref'd n.r.e.) (assuming Plaintiffs alleged a breach of express warranty claim under Texas law, Plaintiffs must show—among other factors—that Plaintiffs relied upon an express affirmation of fact or promise by Defendant). For these reasons, Plaintiffs' argument does not show undue prejudice.

### III. Simplifying the Issues

Defendant next contends that due to the similarities between this case and the Subsidiary Suit, the issues can be simplified by proceeding only with the Subsidiary Suit (Dkt. #13 at pp. 16–17). Plaintiffs allege the same infringement claims here as they do against the Subsidiary Defendants. It also appears that Plaintiffs intend to use the same evidence to prove infringement in both cases, "On information and belief, [the] functionality of relevant software products remained consistent following the spin-out merger. Consequently, where Micro Focus documentation is cited below, it is to be understood that . . . the referenced functionality existed in the corresponding HPE software products." (Dkt. #1 ¶ 18). For these reasons, Defendant agrees

---

4. Plaintiffs reference Defendant's potential dismissal multiple times (Dkt. #16 at pp. 11–13). However, Defendant moves for a stay, not for dismissal (*See* Dkt. #13)

to be bound by the infringement and invalidity findings in the Subsidiary Suit (Dkt. #13 at p. 17). *See CyWee Group Ltd,* 2018 WL 4002776, at *4 (noting that a party's agreement to be bound by an infringement determination in a separate suit, that will leave little left for the court to adjudicate in the current suit, weighs heavily in favor of staying the current suit).

Plaintiffs first respond by distinguishing cases (Dkt. #16 at pp. 7–8).[5] Plaintiffs then suggest that Defendant's agreement to be bound by the infringement and invalidity findings in the Subsidiary Suit are not enough, "although [Defendant] purports to be willing to be bound by any adverse judgment against Micro Focus, [Defendant] has not agreed to be bound by any injunctive relief granted by the Court. . . . Wapp retains the right to amend its Complaint to seek such injunctive relief." (Dkt. #16 at p. 8) (citation omitted). For over a year, Plaintiffs have not sought to amend their Complaint or requested injunctive relief in this suit. Even so, if the Court grants Defendant's motion to stay, and Plaintiffs later decide to seek injunctive relief, Plaintiffs may move to lift the stay and seek injunctive relief. Accordingly, a review of the parties' arguments demonstrates that staying this case will simplify the infringement and invalidity issues presented here and in the Subsidiary Suit.

## IV. Discovery and Trial Dates

Due to jurisdictional discovery and a pending motion to dismiss in the Subsidiary Suit, the Court did not address Defendant's motion to stay in this case or enter a Scheduling Order. A review of the Docket and the parties' briefing indicates that the parties have also taken little action in this case. As a result, this third factor weighs in favor of granting Defendant's motion to stay

---

5. Plaintiffs distinguish *Nintendo* by contending that Defendant is a manufacturer of the accused software, not a reseller or distributer, and noting that the evidence and witnesses are located in the Eastern District of Texas (Dkt. #16 at p. 7) (citing *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014)). These are distinctions that do no impact the Court's analysis because (1) the Court is not analyzing the customer-suit exception and (2) the Court is not addressing whether the case should be transferred to a different district.

as this litigation is in its infancy and the parties are far from trial. *See CyWee*, 2018 WL 4002776, at *4.

## CONCLUSION

Based on the preceding discussion, the Court finds all three *CyWee* factors weigh in favor of staying this case pending the resolution of the Subsidiary Suit. Therefore, the Court **GRANTS** Defendant's Motion to Stay (Dkt. #13) and **STAYS** this case pending the resolution of the Subsidiary Suit or any other matter requiring the stay to be lifted. *Wapp Tech Ltd. P'ship v. Micro Focus Int'l PLC,* 4:18-CV-469-ALM

**IT IS SO ORDERED.**

**SIGNED this 14th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE